UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ELIZABETH TSANG-ADLER,

                              12 CV 394 (SJ) (MDG)

        v.

                              <u>MEMORANDUM
                              AND ORDER</u>

CITY OF NEW YORK, NEW YORK CITY
HEALTH AND HOSPITAL CORPORATION,
QUEENS HEALTH NETWORK, IDINA
GORMAN, in her official and personal
Capacity, PETER MARIS, in his official and
personal capacity, CAROL WHITE, in her
official and personal capacity,

                Defendants.
-----------------------------------------------------X
A P P E A R A N C E S
CRONIN & BYCZEK LLP
1983 Marcus Avenue
Suite C-120
Lake Success, NY 11042
By:    Susan Bernstein
*Attorney for Plaintiff*

NEW YORK CITY LAW DEPARTMENT
100 Church Street
Room 2-184
New York, NY 10007
By:    Ashley Hale
*Attorney for Defendants*

**JOHNSON, Senior District Judge,**

      For 16 years, Elizabeth Tsang-Adler ("Plaintiff" or "Tsang-Adler") was employed by New York City Health and Hospitals Corporation ("HHC"), specifically, in the Human Resources Unit of the Queens Health Network ("QHN"). Tsang-Adler is a female of Asian descent, specifically of Chinese origin. She was

the only person of Asian descent in that unit. She began as a clerical support aide, was promoted first to Clerical Associate II then to Assistant Coordinating Manager. Thus, she "enjoyed a successful upwardly mobile career." (Complaint ¶ 23.) In 2006, the individual to whom Tsang-Adler reported left QHN. Consequently, Tsang-Adler took on additional duties. A new supervisor, Carolene George ("George"), was hired in November 2006.

In February 2007, George gave Plaintiff a "needs improvement" year-end evaluation for 2006, even though George was only with QNH for the last two months of the year. Plaintiff claims she was not given a reason for this evaluation, and received neither guidance nor notice that her performance was perceived as needing improvement. George was fired shortly thereafter.

On March 31, 2008, Plaintiff complained to defendant and supervisor Peter Maris ("Maris") about "the conditions of her employment." She claims that she was thereafter subject to a hostile work environment in that she was demoted to a position in the filing room, then stripped of the filing room staff, leaving her as the only employee responsible for filing. Plaintiff claimed that defendant Carol White ("White") another supervisor, denied her requests for assistance. Moreover, Plaintiff claims that she was moved from her cubicle of over ten years into an open area. Finally, Plaintiff also claims that she was wrongfully accused of abusing QHN sick leave policy.

Tsang-Adler also received negative evaluations from Maris and White for the March 23, 2007 to March 23, 2008 period. She claims she was evaluated in a

2

disparate manner based on her race and national origin. (Complaint ¶ 34.) Plaintiff's subsequent evaluation was given to her by Renata Gadson ("Gadson"), her immediate supervisor, who rated her April 2008 to March 2009 performance as satisfactory. Plaintiff claims that an unidentified QHN employee "instructed" Gadson to give Plaintiff a negative evaluation, which Gadson refused to do. Gadson subsequently resigned.

Plaintiff claims that while she was on vacation in September 2009, defendants White, Maris and Idina Gorman ("Gorman") invaded the file room and left it in a chaotic state. Plaintiff blames the trio for a subsequent negative write-up she received in November 2009 on account of the state of the file room.

Plaintiff also alleges that she suffered another demotion after Gorman became her supervisor in December 2010. Plaintiff first claims that Gorman denied her the assistance of a temporary employee in the file room when one existed in the past, and that Plaintiff was then removed from the filing room and assigned to reception.

Plaintiff contends that she was the only employee "verbally harassed and humiliated by defendants and falsely accused of not performing her duties and responsibilities." She filed the instant action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. §§ 1981, 1983, and 1985, and related state law. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the Complaint "does not need detailed factual allegations" but must "provide the grounds of . . . entitlement to relief" with "more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan V. Allain, 478 U.S. 265, 286 (1986)). The grounds for relief must be plausible. See 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009) (quoting Twombly); see also Twombly, 550 U.S. 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted). Bald assertions are insufficient to state a claim under this standard. See 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including those "couched as factual allegation[s].")

In this case, Plaintiff invokes three anti-discrimination statutes, all of which require a showing of discrimination on the basis of a status deemed protected, in this case, race or national origin. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (setting forth prima facie elements of a Title VII discrimination claim); Ruiz v. County of Rockland, 609 F.3d 486 (2d Cir. 2010) (applying same to claims brought pursuant to 42 U.S.C. §§ 1981 and 1983). The McDonnell Douglas test requires Plaintiff to offer evidence that she (1) is a member of a protected group; (2)

4

is qualified for the position or performing satisfactorily; (3) suffered an adverse employment action; and (4) did so under circumstances from which an inference of discrimination can be drawn. 411 U.S. at 802; see also Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003).

"The prima facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510 (2002); see also Boykin v. Keycorp, 521 F.3d 202, 212 (2d Cir. 2008); Russell v. Aid to Developmentally Disabled, Inc., 2013 WL 633573, at *9 (E.D.N.Y. Feb. 20, 2013). Pleadings-wise, a complaint must only provide both a "short plain statement of the grounds for relief," as required by Federal Rule 8(a), and state facts sufficient to "raise a right to relief above the speculative level." Fed. R. Civ. P. 8(a); Twombley, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, 235-6 (3d Ed. 2004)). In the absence of a Rule 8(a) objection to the Complaint, as is the case herein, it is the Iqbal plausibility standard that determines whether the Complaint states anything more than a mere possibility of discrimination. Cf. DeFranco v. Ametek Ameron, LLC, 2013 WL 992287, at *4 (E.D.N.Y. Mar. 13, 2013) ("[T]he claim must be facially plausible and must give fair notice to the defendants of the basis for the claim") (collecting cases). This Court finds that the Complaint does not.

The only allegation in support of Plaintiff's argument that she suffered illegal discrimination is that she was the only employee of Asian or Chinese descent at QHN. However, pleadings that "are no more than conclusions[] are not entitled to

5

the assumption of truth." Iqbal, 556 U.S. at 679. Therefore, the Complaint is patently insufficient. See Ahmed v. Gateway Group One, 2012 WL 1980386, at *2 (E.D.N.Y. Jun. 1, 2012) (dismissing discrimination claims where plaintiff's claims were premised on her being the only female Bangladeshi employee because she failed to "connect the dots" between the adverse actions and her membership in a protected class) (citing Acosta v. City of New York, 2012 WL 1506954, at *12 (S.D.N.Y. Apr. 26, 2012)).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. 678 (quoting Twombly, 550 U.S. at 557). As oppressive as Plaintiff may believe her work environment to have been, she has not stated a plausible claim that her negative experiences are tied to violations of the federal anti-discrimination statutes she invoked. Therefore, the Complaint is hereby dismissed. The Court declines to exercise supplemental jurisdiction of Plaintiff's state claims.

The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: April 12, 2013 _____/s_____
      Brooklyn, New York         Sterling Johnson, Jr., U.S.D.J